IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO GRIFFIN | : | CIVIL ACTION |
| v. | : | |
| RAYMOND SABINO, *et al.* | : | NO. 10-110 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS  July 13, 2010
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254. Mario Griffin ("Petitioner") is currently serving a sixteen (16) to forty-two (42) year term of incarceration at the State Correctional Institution-Albion. Petitioner seeks habeas relief based on claims that the current Pennsylvania constitution is unlawful, his Fifth Amendment right to be indicted was violated, the Pennsylvania Post Conviction Relief Act is unconstitutional to the extent that it lacks exceptions to its statute of limitations, the state court made errors during collateral relief proceedings and counsel rendered ineffective assistance. The Honorable Paul S. Diamond referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons set forth below, it is recommended that Petitioner's habeas claim be DISMISSED and DENIED without an evidentiary hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

The facts leading to Petitioner's conviction are as follows:

> On the evening of December 7, 2003 Mary Hall was at home decorating for the Christmas holiday. Sharmain Jonson, who lived with Ms. Hall was also home. Sometime after 5:50 p.m. [Petitioner]

---

[1] The facts set forth were collected from Petitioner's Habeas Corpus Petition ("Pet."), the Answer to the Habeas Petition ("Ans."), inclusive of all exhibits thereto, the Amended Answer ("Am. Ans.") and Second Amended Answer ("Sec. Am. Ans.") , Petitioner's Supporting Brief ("Pet'r Br."), Petitioner's Rebuttal ("Pet'r Reb."), and the state court record.

came to Ms. Hall's door and was invited into her home. [Petitioner] was Ms. Hall's stepson, and she had not seen him in about two years. Ms. Hall knew [Petitioner] since he was about five years old. She was married to his father for eight months before his father's death but the couple had been "together" for ten years. [Petitioner] lived with Ms. Hall and his father for four or five months in 2000 or 2001. Ms. Hall and [Petitioner] spoke for about an hour that evening. During that time Ms. Hall offered [Petitioner] some of his father's things. She went upstairs looking for something and told Ms. Johnson that her stepson Mario was there. Eventually, Ms. Hall returned downstairs and went to the dining room to retrieve something from a dining room cabinet. She opened the cabinet and was bent over. As she stood up [Petitioner] jumped her from behind. As Ms. Hall struggled [Petitioner] repeatedly stabbed her. He beat her in the face and head, hitting her with his hands, a vase and a fruit bowl. As he attacked her, [Petitioner] told Ms. Hall "this is what you get, this is what you deserve." [Petitioner] continued to stab, hit and beat Ms. Hall. She passed out several times and each time she gained consciousness [Petitioner] was over her, kicking and punching her.

Sharmain Jonson was upstairs when she heard the dog barking and heard Mary Hall screaming. She went downstairs to the dining room and saw [Petitioner] kicking and punching Ms. Hall. Ms. Jonson told [Petitioner] to stop and when he said "no" she jumped on him. [Petitioner] pushed her and threw her across the room and resumed beating Ms. Hall. When Jonson tried to stop [Petitioner] a second time, he threw her across the room again and then threw her into the Christmas tree and banged her head against the wall. [Petitioner] went back and forth, in turn beating Ms. Hall and then Ms. Jonson. Ms. Jonson watched as Ms. Hall fell to the floor after [Petitioner] picked up a glass vase filled with marbles and hit Ms. Hall on the side of the head. Ms. Jonson came face-to-face with [Petitioner] and had no difficulty seeing him. Eventually, Ms. Jonson ran to the home of a neighbor. Later, she identified [Petitioner] in a line-up.

Somehow, after this vicious attack Ms. Hall was able to place a "911" call. At 7:54 p.m. Ms. Hall reported that she had been stabbed in the back by her stepson. Police responded to the scene and found Ms. Hall covered in blood, with cuts on her arms and bleeding from her head and from a puncture wound to her right rib. The home was in disarray with furniture and broken objects strewn about. Ms. Hall told a responding officer that her stepson stabbed her. A butcher knife was recovered from the dining room floor.

Ms. Hall was taken to the Hospital of the University of Pennsylvania where she remained for fifteen days. She remembered

> paramedics arriving following the attack but was unconscious for the first nine or ten days of her hospitalization. After her initial release she was re-admitted to the hospital, suffering from an infection that arose from a bladder wound. At trial Ms. Hall displayed many of the scars she bears from the stab wounds [Petitioner] inflicted, including stabs on her arm where she was stabbed through from one side to the other. Dr. Susan Kesmodel, an expert in general surgery, treated Ms. Hall. Dr. Kesmodel observed that Ms. Hall arrived at the hospital with active bleeding from her liver, a lacerated kidney, and a stab wound through her diaphragm. Additionally, there were multiple stab wounds to her arm and right flank, or along her ribcage.

*Commonwealth v. Griffin*, No. 2320 EDA 2005, slip op. at 2-3 (Pa. Super. Ct. April 13, 2006) ("2006 Super. Ct. Op.") (quoting Trial Court Opinion of 9/29/05 at 3-5). After a jury trial, Petitioner was convicted of attempted murder, aggravated assault and simple assault. *Id.* at 1. On July 25, 2005, he was sentenced to an aggregate term of incarceration of sixteen (16) to forty-two (42) years. *Id.* Petitioner appealed and his sentence was affirmed on April 13, 2006. *Id.* at 9. Petitioner sought allowance of appeal ("*allocatur*"), which the Pennsylvania Supreme Court denied on January 9, 2007. Ans. at 1. Petitioner did not seek *certiorari* in the United States Supreme Court.

On January 9, 2008, Petitioner filed a petition, *pro se*, under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Ans. at 1. Court-appointed counsel subsequently filed an application to withdraw as counsel pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa Super. Ct. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). *See Commonwealth v. Griffin*, No. 1651 EDA 2008, slip op. at 2 (Pa. Super. Ct. March 2, 2009) ("2009 Super. Ct. Op."). Petitioner responded to the PCRA court's Notice of its Intent to Dismiss the petition and, on May 9, 2008, the Petition was dismissed. *Id.* at 3. Petitioner appealed, filing the court-ordered Statement of Matters Complained of on Appeal and, on July 15, 2008, the PCRA court resolved Petitioner's appellate issues against him. *Id.* at 2-3. On March 2, 2009, adopting the PCRA court's July 15,

3

2008 opinion, the Superior Court affirmed the dismissal of the PCRA petition. 2009 Super. Ct. Op. at 3-4. The Pennsylvania Supreme Court denied *allocatur*, on September 16, 2009. Ans. at 2. Petitioner did not seek *certiorari* in the United States Supreme Court.

On November 12, 2009, Petitioner filed the instant habeas petition. *See* Order of February 5, 2010 at 1 n.1 (Document No. 5). Petitioner raises five grounds for relief: (1) the Commonwealth violated the Compact Clause of the United States Constitution when it adopted the current, 1968 constitution without submitting it to the United States Congress for approval; (2) the Commonwealth violated his Fifth Amendment right to be indicted; (3) the absence of exceptions to the PCRA statute of limitations violates his Due Process and Equal Protection rights; (4) all state courts erred in concluding that his PCRA claims did not present federal questions of law and fact; and (5) trial counsel was ineffective for failing to pursue a diminished capacity defense. Pet. at 8-14; Pet'r Br. at [6]. The Commonwealth contends that: Ground One is not cognizable and lacks merit; Grounds Two, Three and Four are unexhausted and procedurally defaulted, in addition, Ground Two lacks merit; Ground Five is exhausted but lacks merit, and all Grounds are time-barred. Sec. Am. Ans at 2-7. This court previously explained in its February 5, 2010 order, which is incorporated herein by reference, that the habeas petition is timely. However, it concludes that all cognizable grounds lack merit.[2]

## II. DISCUSSION

---

[2] Even if Grounds Two, Three and Four are unexhausted, the court may dispose of them if they lack merit. *See* 28 U.S.C. § 2254(b)(2).

### A. The Compact Clause Does Not Apply - Ground One

Petitioner asserts that Pennsylvania's enactment of the current, 1968 constitution violates the Compact Clause. Pet. at 8-8b. This component of his claim is cognizable. However, Petitioner also asserts that the current, 1968 Constitution is invalid because the 1776 Pennsylvania Constitution provides that it cannot be altered, amended or abolished. *Id.* This component of his claim is based upon state law and, hence, is not cognizable. *See* 28 U.S.C. § 2254(a) (providing that habeas relief is available only for violations of the constitution, laws or treaties of the United States).

The Compact Clause – Art. I, Sec. 10, Cl. 3 of the federal constitution – provides, in relevant part: "No State shall, without the Consent of Congress, . . . enter into any Agreement or Compact with another State . . . ." The Compact Clause is not herein applicable; the current Pennsylvania Constitution is not an agreement or compact between Pennsylvania and any other state. Rather, it is the fundamental document for the organization of Pennsylvania's government and defining the rights Pennsylvanians have as against the Commonwealth.

### B. The Fifth Amendment Right to Indictment Does Not Apply to the States - Ground Two

Petitioner maintains that his prosecution is invalid because he was not indicted, as required by the Fifth Amendment. Pet. at 10-10b. This claim lacks merit because the Supreme Court has held that the Fifth Amendment right to indictment does not apply to the states. *See Hurtado v. California*, 110 U.S. 516, 535-38 (1884); *see also McDonald v. Chicago*, ___ U.S. ___, ___, 2010 WL 2555188, *15 n.13 (June 28, 2010) (noting that the Fifth Amendment right to indictment has not been applied to the states).

### C. The Lack of Exceptions to the PCRA Statute of Limitations Does Not Violate Equal Protection or Dues Process - Ground Three

5

Petitioner asserts that the lack of exceptions to the PCRA statute of limitations constitutes a violation of the Due Process and Equal Protection Clauses. Pet. at 12-12b. This claim lacks merit inasmuch as the Supreme Court has held that there is no federal constitutional right to any state post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Absent that right, there is no basis to conclude that the federal constitution requires any particular process that the state must afford when it chooses to enact a state post-conviction relief statute. *See id.* at 559.

**D.     The Alleged State Court Error in PCRA Proceedings is too Vague to Warrant Habeas Relief - Ground Four**

Petitioner asserts that all state courts erred in concluding that his PCRA claims did not rise to the level of federal questions of law and fact. Pet. at 13-13b. This claim is vague and is devoid of explanation or support. As such, it cannot possibly provide a basis to grant habeas relief. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (holding that vague, conclusory allegations will not yield habeas relief).

**E.     Trial Counsel Did Not Render Ineffective Assistance - Ground Five**

Finally, Petitioner maintains that trial counsel was ineffective for failing to pursue a diminished capacity defense. Pet'r Br. at [6]. Petitioner raised this claim during PCRA proceedings; the Superior Court resolved it by adopting the PCRA court's opinion. 2009 Super. Ct. Op. at 3-4. The PCRA court determined that a diminished capacity defense was not viable under the governing state law because Petitioner did not admit his culpability but, rather, defended at trial on the basis that he had been misidentified by the victims.[3] *Commonwealth v. Griffin*, No. 4527-04, slip op. at 7-8 (Del. Co. July 15, 2008) ("2008 PCRA Ct. Op."). Since a diminished capacity defense was not available, trial counsel was not ineffective for failing to pursue it. *Id.* at 8.

---

[3] Petitioner testified in his own defense that, while he had visited Ms. Hall earlier on the day of her attack, he did not participate in the attack. 2008 PCRA Ct. Op. at 8.

Because the state court adjudicated Petitioner's claim on its merits, habeas relief can only be granted if the state court's resolution of the claim was contrary to or an unreasonable application of Supreme Court precedent.[4] *See* 28 U.S.C. § 2254(d)(1). A state court's adjudication of a claim is contrary to United States Supreme Court precedent if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. *Id.* at 407-08. In making the unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *Id.* at 409.

Petitioner's ineffective assistance of counsel claim must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's performance was deficient, i.e., that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, Petitioner must demonstrate prejudice, which is defined as a reasonable probability that, absent counsel's errors, the factfinder would have had a reasonable doubt respecting guilt. *Id.* at 695.

The state court determined, under the governing state law, that a diminished capacity defense was unavailable to Petitioner, since he denied having harmed the victims. 2008 PCRA Ct. Op. at

---

[4] The habeas statute also allows for relief if the state court's resolution of a claim was based upon an unreasonable determination of the facts presented to state court. *See* 28 U.S.C. § 2254(b)(2). However, the state court's resolution of Petitioner's ineffective assistance claim is not fundamentally grounded on findings of fact, hence, § 2254(d)(2) is not applicable. *See Boyd v. Waymart*, 579 F.3d 330, 336 (3d Cir. 2009) (Scirica, J, for the *en banc* court) (noting that § 2254(d)(2), rather than § 2254(d)(1), applies when the state court's adjudication of the claim is based on factual grounds).

7

7-8. This court must accept the state court's conclusion in that regard. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that the habeas court may not re-examine state court determinations of state law questions). Hence, this court must decide whether the state court's determination that trial counsel was not ineffective for failing to raise a futile claim was contrary to or an unreasonable application of Supreme Court precedent. The Supreme Court has never held that counsel can be ineffective for failing to raise a futile or meritless claim. Thus, the state court's holding is not contrary to Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. at 405-06 (holding that a state court decision is contrary to Supreme Court precedent only when it applies a rule that contradicts Supreme Court precedent or confronts a set of facts that are materially indistinguishable from a Supreme Court decision and, nevertheless, arrives at a different result). Likewise, the Third Circuit has held that counsel is not ineffective for failing to raise a futile or meritless claim. *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998); *Moore v. Deputy Commrs. of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991). Therefore, the state court's resolution of Petitioner's claim was a reasonable application of Supreme Court precedent. *See Marshall v. Fredericks*, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (noting that, when deciding whether a state court has reasonably applied clearly established Supreme Court precedent, it is permissible to consider the decisions of lower federal courts which have applied that precedent); *Moore v. Morton*, 255 F.3d 95, 104 n.8 (3d Cir. 2001) (same). Accordingly, Petitioner cannot be afforded habeas relief on his last claim.

### III. CONCLUSION

Part of Ground One is non-cognizable and must be dismissed. The remainder of Ground One and Grounds Two through Five lack merit. Reasonable jurists would not debate the appropriateness of this court's procedural and substantive dispositions of his claims; therefore, a certificate of

appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **RECOMMENDATION**

AND NOW, this 13th day of July, 2010, for the reasons contained in the preceding report, it is hereby RECOMMENDED that all of Petitioner's claims be DISMISSED or DENIED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

                                         */s/ Carol Sandra Moore Wells*
                                         CAROL SANDRA MOORE WELLS
                                         United States Magistrate Judge