IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIO L. GRIFFIN,
    Petitioner

v.      CIVIL ACTION NO. 10-110

RAYMOND SABINO, et. al.,
    Respondents.

FILED AUG 25 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 24th day of August, 2010, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 4), the Report and Recommendation of the Magistrate Judge (Doc. No. 16), Petitioner's Objections to the Report and Recommendation (Doc. No. 19), and all related submissions, it is hereby **ORDERED and DECREED**:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;
2. The Report and Recommendation is **APPROVED** and **ADOPTED**;
3. The Petition for a Writ of Habeas Corpus is **DENIED**;
4. There is no basis for the issuance of a certificate of appealability; and
5. The Clerk of the Court shall close this matter for statistical purposes.

1

## I. BACKGROUND

In June 2005, Petitioner was convicted in Pennsylvania state court of attempted murder, aggravated assault, and simple assault of his stepmother and her friend. (Doc. No. 1; Doc. No. 16 at 2-3.) In July 2005, Petitioner was sentenced to sixteen to forty-two years imprisonment. (Id. at 3.) The Pennsylvania Superior Court affirmed his judgment of conviction in April 2006, and in January 2007, the Pennsylvania Supreme Court denied *allocatur*. (Id.)

On January 9, 2008, Petitioner sought relief *pro se* pursuant to the Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et. seq.* On May 9, 2008, the PCRA Court dismissed the petition. (Doc. No. 16 at 3-4.) On March 2, 2009, the Superior Court affirmed. (Id. at 4.) On September 16, 2009, the Supreme Court again denied *allocatur*. (Id.)

On November 12, 2009, Petitioner filed the instant habeas petition. See Doc. No. 1; 28 U.S.C. § 2254. His request for relief is based on five arguments: (1) the current Pennsylvania constitution is unlawful because the Commonwealth adopted it in 1968 without submitting it to the United States Congress for approval; (2) the Commonwealth violated his Fifth Amendment right to be indicted by charging him through an information; (3) the Pennsylvania Post Conviction Relief Act is unconstitutional to the extent that it lacks exceptions to its statute of limitations; (4) the state courts erred in dismissing his PCRA claims; and (5) trial counsel was ineffective for failing to pursue a diminished capacity defense.

On July 13, 2010, the Magistrate Judge issued her Report and Recommendation, recommending I deny the petition. (Doc. No. 16.) On July 20, 2010, Petitioner wrote a letter to Michael E. Kunz, Clerk of Court, explaining that he had received an incomplete copy of the Report and requesting additional time to file Objections. I ordered the Clerk of Court to send Petitioner an additional copy of the Report, and extended the date for Petitioner to file objections.

(Doc. No. 17.) On August 19, 2010, Petitioner filed two Objections, reiterating his earlier arguments respecting the Pennsylvania Constitution and his Fifth Amendment right to be indicted. (Doc. No. 19.)

## II. STANDARD OF REVIEW

The extent of my review of a Magistrate's report is committed entirely to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994). I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## III. PETITIONER'S OBJECTIONS

In his Objections, Petitioner simply restates arguments that the Magistrate Judge considered and rejected. To the extent he actually addresses the Report and Recommendation, his "Objections" are extremely general. Accordingly, I need not review *de novo* those portions of the Report and Recommendation to which this objection is apparently directed. See Goney, 749 F.2d at 7 (*de novo* review not required where objections are "clearly general in nature"). Because Petitioner is proceeding *pro se*, however, I will construe his Objections as liberally as I reasonably can. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Petitioner again argues that his conviction is invalid because the Pennsylvania Constitution is invalid. In his habeas petition, he argued that because the 1968 Pennsylvania Constitution was not approved by Congress, it violated the Compact Clause of the United States

Constitution, which provides that "[n]o state shall, without the Consent of Congress, enter into any Agreement or Compact with another State." U.S. Const. art. I, § 10, cl. 3. The Magistrate's Report rejected this argument because the Pennsylvania Constitution is not an agreement or compact between Pennsylvania and any other state, but instead "the fundamental document for the organization of Pennsylvania's government." (Doc. No. 16 at 5.) Petitioner responds that "[t]he state under Benjamin Franklin was required to seek congressional and sister state approval to withdraw that [colonial] constitution and resubmit another," and for that reason, "Pennsylvania's state constitution of 1968 must therefore be held invalid as to this Petitioner." (Doc. No. 19 at 1-2.)

To the extent that this Objection is intelligible, it is not cognizable because it is based on state law. The habeas statute provides that a federal court may consider only those arguments alleging a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court interpreted the statute to bar federal courts from granting habeas relief based on violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Third Circuit has held that violations of a state constitution are not cognizable under § 2254. Reinert v. Larkins, 379 F.3d 76, 94 n. 4 (3d Cir. 2004). Accordingly, I overrule this Objection.

Petitioner also restates his argument that his state conviction is invalid because he was not indicted as "required" by the Fifth Amendment. The Supreme Court has held the Fifth Amendment right to indictment does not apply to the states. See McDonald v. Chicago, 130 S. Ct. 3020, 3022 (U.S. 2010) (citing Hurtado v. California, 110 U.S. 516, 535 (1884)). Accordingly, Petitioner's Objection is overruled.

## IV. CONCLUSION

Upon careful consideration of the Magistrate Judge's Report and Recommendation (Doc. No. 16), Petitioner's Objections (Doc. No. 19), and all related submissions, I overrule Petitioner's Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

**AND IT IS SO ORDERED.**

/s/ Paul S. Diamond

**Paul S. Diamond, J.**